IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| J. DENIS RAWE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV393 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Designation of Lincoln as Place of Trial (Filing No. 11). The plaintiff counsel filed an affidavit attached to the motion. The defendant did not file any opposition to the motion.

## BACKGROUND

According to the allegations in the complaint, the plaintiff was covered by disability insurance issued by the defendant to employees of State Farm Mutual Automobile Insurance Company. **See** Filing No. 1, Exhibit A - Complaint ¶ 2. The plaintiff alleges he became disabled as defined by the policy in May of 2006. *Id.* ¶ 5. However, the defendant denied coverage to the plaintiff on the basis that the plaintiff was not totally disabled. *Id.* ¶ 6. The plaintiff seeks damages in the amount of his unpaid disability benefits. *Id.* ¶ 9. The plaintiff is a resident of Lancaster, County, Nebraska. *Id.* ¶ 1. Counsel for the plaintiff has an office in Lincoln, Nebraska.

On July 24, 2008, the plaintiff filed this action in the District Court of Lancaster County, Nebraska. On September 3, 2008, the defendant removed the action to this court. In the defendant's notice of removal it designated Omaha, Nebraska, as the place of trial. **See** Filing No. 1 p. 3. Counsel for the defendant has an office in Omaha, Nebraska.

On September 19, 2008, the plaintiff made a demand for trial by jury in Lincoln, Nebraska. **See** Filing No. 9. On September 22, 2008. the plaintiff filed the instant motion for change of place of trial. **See** Filing No. 11. The plaintiff states he lives in Palmyra, Nebraska, which is approximately twenty miles from Lincoln, and fifty-five miles from Omaha, Nebraska. **See** Filing No. 11 Haszard Aff. ¶ 3. The plaintiff states many

witnesses will be from Lincoln, including some from the plaintiff's place of employment and medical professionals. *Id.* ¶¶ 5-6. The plaintiff admits there are four of the eighteen medical providers who are from Omaha. *Id.* ¶ 6.

### ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) business days after service of the notice of removal, may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be filed as a motion. Any other party then shall have ten (10) business days to respond.

In deciding the place of trial, "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The convenience of the plaintiff, his counsel and the majority of witnesses, on the basis of the affidavits before the court, appears to favor Lincoln. The relative convenience of trial in Lincoln outweighs the convenience to the defendant of having trial in Omaha. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be Lincoln, Nebraska.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Designation of Lincoln as Place of Trial (Filing No. 11) is granted.

2. The Clerk of Court shall reassign this matter on a random basis to one of the participating judges from the docket for which this case would be assigned if it had originally been filed in Lincoln, Nebraska, in accordance with NEGenR 1.4(a)(2) and (3).

3. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is Lincoln, Nebraska.

DATED this 15th day of October, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge